WEBB & TAYLOR *against* BROWN.

ERROR *to Chicot Circuit Court.*

The Statute which authorizes judgment on motion upon a forfeited delivery bond, authorizes such judgment only at the term at which the execution is returned; and a judgment rendered at any subsequent term is void.

Brown obtained judgment against Webb at the November term of the Chicot Circuit Court, 1839, and on the 14th of January, 1840, had a writ of *fieri facias* issued upon the judgment returnable to the May term, 1840; which was placed in the hands of the Sheriff, and on the 23d of April, was levied upon several of Webb's negroes.

On the day of the levy, Webb, and Taylor as his security, executed their bond, to the plaintiff, Brown, conditioned for the forthcoming and delivery of the negroes on the 18th day of May, 1840, the first day of the Circuit Court. On the 19th day of May, the Sheriff returned the execution unsatisfied, and endorsed the failure of Webb and Taylor to deliver the negroes according to the condition of the bond.

On the 11th day of January, 1841, and at a term of the Court subsequent to that in which the execution was returned and returnable, Brown, the defendant in error, moved the Court to render judgment upon the bond, under the 40th section of the Statute of executions. Which motion, although resisted by the plaintiffs in error, was sustained by the Court, and judgment rendered for the amount of the original judgment, and ten per cent. damages and the defendants excepted.

TRAPNALL & COCKE, for the plaintiffs:

The 40th section of the Statute, under which this motion was made, provides that "If the condition of the bond be broken, and the execution be returned unsatisfied, the defendant and his securities shall be deemed to have notice of the facts, and the plaintiff without further notice may, *on the return day of the execution, or on any sub-*

Webb & Taylor, *against* Brown.

*sequent day of the term, at which such execution is returned*, move the Court for a judgment on the bond, against the defendant and his securities or any of them, or the plaintiff may at his option bring an ordinary suit on the bond.

The Legislature have expressed in this section, with so much distinctness, that the summary remedy, by motion on the bond, and notice thereof to the defendants, was to be confined to the return day of the execution, or any subsequent day of the term, at which such execution was returned, as to cut off all necessity or apology for argument or array of authorities.

E. L. JOHNSON, *Contra:* submitted this case without argument.

DICKINSON J., delivered the opinion of the Court:

Section 37 of the Rev. Stat. Ark. under the title, *execution*, p. 380, authorizes the Sheriff to permit the defendant in execution, to retain possession of the property levied upon, by giving bond in favor of the plaintiff with sufficient security, in double the value of such property, conditioned for the delivery of the property to the officer at the time and place of sale to be named in such condition, and by the provisions of the 40th section of the same act, "If the condition of the bond be broken, and the execution be returned unsatisfied, the defendants and his securities shall be deemed to have notice of the facts, and the plaintiff, without further notice, may on the *return day of the execution*, or on any subsequent day of the *term at which such execution is returned*, move the Court for judgment on the bond against the defendant and his sureties, or any of them, or the plaintiff may at his option bring an ordinary suit on the bond."

The 41st section (which was in force in May, 1839, but had been repealed previous to January, 1841), provided that, "If any controversy arise on the motion, it shall be heard and determined in a summary manner, without the form of pleading, and unless the demand be avoided, judgment shall be rendered thereon without delay, according to the circumstances." The language of the Statute is plain and imperative. If the defendant in error intended to avail himself of the remedy afforded by motion, and bring himself within its provisions, he must conform strictly to all its requisites. If he fails or neg-

lects so to do, at the return term of the execution, he unquestionably by his laches, waives any advantage and forfeits every right he may have had to relief under that mode of proceeding.

In the transcript before us, no such motion appears to have been made until the January term following. That the Court erred in taking cognizance of the motion, and in rendering judgment thereon against the plaintiffs in error, there can be no question or doubt.

The judgment of the Circuit Court of Chicot county must therefore be reversed, annulled, and set aside with costs.